IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH S. HATLEY,** | * | |
| Petitioner, | * | |
| | * | |
| v. | * | **Civil Action No. JKB-25-0590** |
| | * | |
| | * | |
| **WARDEN,** | * | |
| Respondent. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **JOSEPH S. HATLEY,** | * | |
| Petitioner, | * | |
| | * | |
| v. | * | **Civil Action No. JKB-25-2658** |
| | * | |
| **WARDEN,** | * | |
| Respondent. | * | |
| | \*\*\* | |

## MEMORANDUM AND ORDER

On May 13, 2025, the Court consolidated Civil Actions JKB-25-0590 and JKB-25-0591 because the petitions for writ of habeas corpus both concerned disciplinary convictions in which Petitioner Joseph S. Hatley was sanctioned with a loss of good conduct days. (ECF No. 6, Civ. Action No. JKB-25-0590 ("*Hatley I*").) Since then, Hatley has filed another petition pursuant to 28 U.S.C. § 2241, Civil Action JKB-25-2658 ("*Hatley II*"). Pending in *Hatley II* are the Respondent's Motion to Consolidate (ECF No. 6) and Hatley's Motion for Default Judgment (ECF No. 7). Respondent opposes Hatley's Motion. (ECF No. 8.) Both Hatley and Respondent have filed similar motions in *Hatley I*. (*See* ECF Nos. 11, 12, 14, 15.) These requests will all be addressed together.

At issue in *Hatley I* is the loss of good conduct days for disciplinary convictions related to three Incident Reports, Nos. 3753909, 3850051, and 3757539. (ECF Nos. 1, 4, 7.) *Hatley II* also

seeks the return of good conduct days for Hatley's conviction related to Incident Report No. 3850051. (ECF No. 1.) Hatley asserts that his due process rights were violated during all of the relevant disciplinary proceedings, and the parties are the same in each case. As these cases involve common issues of law and, in some cases, identical issues of fact, the Court finds that it is in the interest of judicial economy for all of these petitions to be handled together. Thus, the Court will grant the Motions to Consolidate. *Hatley I* will continue to serve as the lead case. Respondent will be granted leave to file a supplemental response to address Hatley's Second Supplement to the Petition.

Also pending are Hatley's four motions seeking default judgment against Respondent. (*Hatley I*, ECF Nos. 11, 12, 15; *Hatley II*, ECF No. 7.) Pursuant to Rule 55(a), Federal Rules of Civil Procedure, default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The failure to plead or defend does not automatically entitle a plaintiff to entry of default judgment. The decision to enter default is left to the discretion of this Court. *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). Entry of default judgment is not favored and is reserved for cases where the adversary process has been halted by an unresponsive party. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).

Respondent argues that default is not available in habeas proceedings. However, even assuming such relief is available, Hatley is not entitled to it. Respondents have not halted this litigation. Admittedly, Respondent did not file a response to Hatley's Supplemental Petition within the deadline set by the Court in *Hatley I*; they acknowledge as much in their opposition, citing administrative error. (ECF No. 17.) However, the Court does not find that Hatley has been prejudiced by this delay. Moreover, Hatley will be granted additional time to reply to the Response

2

filed on August 19, 2025, and any Supplemental Response filed by Respondent. Further, Respondent did timely file the motion for consolidation in response to *Hatley II*, so Hatley's request for default judgment is ultimately unfounded. The Court will therefore deny the Motions for Default Judgment.

Accordingly, it is hereby ORDERED that:

1. The Motions to Consolidate Cases filed in *Hatley I* (ECF No. 14) and *Hatley II* (ECF No. 6) are GRANTED;

2. The Clerk SHALL CONSOLIDATE these cases. The Petition filed in Civil Action No. JKB-25-2658 SHALL BE DOCKETED in Civil Action No. JKB-25-0590 as the Second Supplement to the Petition;

3. Hatley is REMINDED that all future pleadings related to his claims must note Civil Action No. JKB-25-0590 as the case number;

4. The Clerk SHALL CLOSE Civil Action No. JKB-25-2658;

5. The Motions for Default Judgment filed in *Hatley I* (ECF Nos. 11, 12, 15) and *Hatley II* (ECF No. 7) are DENIED;

6. Respondent is GRANTED 28 days from the date of this Order to file a Supplement to their Response to address the Second Supplement to the Petition;

7. Hatley MAY REPLY to Respondent's Response and Supplement within 28 days after service of Respondent's Supplement; and

8. The Clerk SHALL PROVIDE a copy of this Order to Hatley and counsel.

Dated this ___5___ day of March, 2026.

FOR THE COURT:

James K. Bredar
United States District Judge

3